UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBINSON VELASQUEZ,

        Plaintiff,

-against-

THE BAODEGA LLC, and KENNY YIE, individually,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___11/26/2024__

24 Civ. 3486 (AT)

**ORDER**

ANALISA TORRES, District Judge:

 Plaintiff, Robinson Velasquez, brings this action against Defendants, The Baodega LLC and Kenny Yie, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq.* for failure to pay overtime and minimum wages, as well as violations of the NYLL's notice and recordkeeping requirements. *See generally* Compl., ECF No. 1.  Having reached a settlement (the "Settlement"), ECF No. 23-1, the parties now seek the Court's approval of their proposed settlement agreement, *see* Letter, ECF No. 23.  For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I. Legal Standard

 The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores,*

*Inc. v. U.S. ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, parties cannot settle claims of unfair wages without the approval of the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors:"

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements containing "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio*

2

*Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Settlement provides a recovery of $15,000, inclusive of attorney's fees and costs, of which Plaintiff will receive $9,137.50.  Letter at 1; Settlement ¶ 2.  Plaintiff claims that he worked for Defendants for around 17 months and, although he often worked more than 40 hours per week, he was not paid minimum or overtime wages.  Letter at 2.  Plaintiff estimates that his maximum possible recovery on his claims is around $30,000.  *See id.* at 3; ECF No. 23-5 (calculating total unpaid wages to be $29,727.68 and unpaid wages with interest to be $32,226.83).  Defendants dispute that Plaintiff was ever paid less than the federal or state minimum wage.  Letter at 2.  Given this issue and other outstanding legal and factual disputes, the parties have reasonably assessed that there are "significant risks and uncertainties associated with the lawsuit."  *Id.* at 4.  Considering Plaintiff's litigation risks, the approximately 28% recovery offered by the settlement is on the lower side of typical settlement awards, but still reasonable.  *See Paganas v. Total Maint. Sol., LLC*, No. 15 Civ. 5424, 2019 WL 3716170, at *2 (E.D.N.Y. Feb. 14, 2019) (collecting cases).  Moreover, the parties state that they engaged in "legitimate bargaining between experienced labor and employment counsel" acting "in the best interest of their respective clients."  Letter at 4.  Accordingly, the Court finds that the Settlement satisfies the *Wolinsky* factors and is, therefore, fair and reasonable.

The Settlement's liability release clause is sufficiently narrow because it is limited to FLSA and NYLL wage-and-hour claims arising out of Plaintiff's employment by Defendants up

3

to the date of execution of the Settlement.  Settlement ¶ 7; *see Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (rejecting a liability release clause that released "unknown claims and claims that ha[d] no relationship whatsoever to wage-and-hour issues."). The Settlement also does not include any provision that would bar Plaintiff "from openly discussing [his] experience[] litigating this wage-and-hour case," such as a confidentiality, non-disclosure, or non-disparagement clause.  *Id.* at 178–81.

Turning to attorney's fees, Plaintiff's counsel seeks fees and costs amounting to $5,862.50, or approximately 39% of the Settlement amount.  Letter at 4–5; Settlement ¶ 2.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (quotation marks and citation omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).

As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel, Lina Stillman, submitted contemporaneous billing records that document her work on this matter.  Letter at 5–6; *see* ECF No. 23-2.  Stillman's records demonstrate that she worked 17.5 billable hours at a rate of $400 per hour.  *See* ECF No. 23-2. The billable hours are reasonable and, based on counsel's experience with FLSA cases, the Court

4

concludes that the rates are also reasonable. *See Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380–81 (E.D.N.Y. 2022) (collecting cases). The lodestar amount is, therefore, $6,995 in attorney's fees. The requested award in the Settlement is $5,862.50—a multiplier of 0.84. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with the contingent fees in FLSA cases." *Diaz-Caballero v. Midtown Catch Corp.*, 18 Civ. 4672, 2020 WL 8880944, at *3 (S.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted). The Court, therefore, accepts the lodestar multiplier, particularly given that the attorney's fees, excluding costs, amount to one-third of the settlement award. Accordingly, the attorney's fees request is fair and reasonable.[1]

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: November 26, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Plaintiff also documents $863 in court fees, service, and mediation costs, Settlement ¶ 2, which the Court finds to be reasonable, *see Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020) (noting that "court reporting and service of process fees, filing fees, hotels and transportation" are the types of expenses that are "reasonable, incidental, and necessary to [a client's] representation").